## LOEB v. CAROLINA CASUALTY INS. CO.

Circuit Court, Dade County, Civil Appeal.

November 5, 1952.

Lewis Horwitz, Broad & Cassel, Miami Beach, for appellant.

Charles J. Bodner, Miami, for appellee.

VINCENT C. GIBLIN, Circuit Judge.

On the plaintiff-appellee's motion the court below struck the defendant-appellant's answer and entered a summary judgment in favor of the movant.

The action was on an accident and casualty insurance policy by which the defendant insurance company was contractually obligated to the plaintiff "to pay all expenses incurred within one year from the date of accident for necessary medical, surgical, ambulance, hospital, professional nursing and funeral service, to or for each person who sustained bodily injury, sickness or disease caused by accident *while in or upon, entering or alighting from the automobile* if the automobile is being used by the named insured or with his permission."

In his complaint the plaintiff alleged that on November 7, 1951, as a result of an accident, he sustained bodily injuries "while alighting from" his automobile. In its answer the defendant denied the allegation.

At the hearing on the motion for the entry of a summary judgment the plaintiff relied on his own affidavit that an assault was perpetrated upon him by unknown assailants as he was emerging from his automobile in front of his home and when he was "halfway out of the car" attempting to step from it with certain literature which he had picked up from the rear of the vehicle. The testimony of no eye-witness, other than the plaintiff, was produced. The defendant, however, in opposition to the motion, produced the deposition of an investigating police officer who testified that in his presence and in the presence of other officers the plaintiff had said, two days after the assault, that it had occurred "on his front lawn," and that within a few days after the incident the plaintiff, on at least two other occasions, had reiterated his statement that the assault was committed "away from the car."

In the light of the evidence (on which the court below acted), I am constrained to disagree with the conclusion that there is no genuine issue as to any material fact. My opinion (assuming that a deliberate assault is an accident) is that the question whether or not the plaintiff was assaulted "while in or upon . . . or alighting from the automobile" should be submitted to a jury for their decision after all pertinent evidence shall have been adduced.

The rule authorizing the entry of a summary judgment is designed to accord to trial judges the power to end quickly litigation in which either the complaint or the answer is factually baseless; but it was not intended to permit judges to resolve doubts as to the facts, because to do so is violative of the constitutional right of trial by jury. A judge may think that the evidentiary support of a claim or a defense is weak, but so long as there is such support, unless the evidence is palpably incredible, the detection of the weakness must be left to the jury and the temptation to terminate litigation speedily, by the judge's doing what he thinks a jury will or ought to do, must be overcome.

Aside from the question discussed and decided, a further question is presented. In his complaint the plaintiff made no demand for attorney's fees as an element of the damages sought to be recovered. Despite the absence of the claim the court below included in the amount for which the summary judgment was entered $250 for attorney's fees. I think this was error, but inasmuch as the cause is to be remanded for further proceedings consistent with this opinion and judgment, the plaintiff may, if he shall desire to do so, apply for leave to amend his complaint for the purpose of demanding attorney's fees.

The judgment appealed from is reversed (for the reasons stated) and the cause is remanded for appropriate further proceedings.